In re DAUGHERTY et al.

(District Court, W. D. Kentucky, at Bowling Green. July 5, 1911.)

BANKRUPTCY (§ 413*)—DISCHARGE—REFERENCE—PROCEEDINGS.

Under General Order in Bankruptcy No. 12 (18 Sup. Ct. vi) providing that applications for discharge shall be heard and decided by the judge, but he may refer the application or any specific issue to the referee, it has been the practice to refer the case to a referee when specifications of objections to the discharge have been filed, and a demurrer or other formal proceeding is not in conformity to the practice; the better practice is to let the referee ascertain the facts, and it is desirable that the proceedings should be conducted in a direct and simple manner.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

In the matter of W. G. & E. W. S. Daugherty, trading under the firm name of W. G. Daugherty & Son, bankrupts. On demurrer to specifications of objections to bankrupt's discharge.

John B. Baskin, C. P. Johnson, and Bradburn & Basham, for bankrupts.

W. R. Manier, Jr., T. W. & R. C. P. Thomas, and Byron Renfrew, for objecting creditors.

EVANS, District Judge. It has not been the practice in this jurisdiction when specifications of objections to a bankrupt's discharge have been filed to do more than refer the case to the referee under the third clause of General Order in Bankruptcy No. 12 (18 Sup. Ct. vi) to ascertain and report the facts. That clause is as follows:

"Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States or of a state, shall be heard and decided by the judge. But he may refer such an application, or any specific issue arising thereon, to the referee to ascertain and report the facts."

[1] This being all that the Supreme Court deemed it necessary to say or to do in respect to such a situation, we have not thought it necessary, even if it were allowable, to make any additional rule or to pursue any other course in this district, and it has been the uniform practice here to pursue the course already taken in this case. Upon due notice to all parties in interest the case was set down for hearing upon the bankrupts' petition for a discharge on June 7, 1911, at which time certain creditors presented their specifications of objections thereto. On the 13th the objections were referred to the referee to ascertain and report the facts. The bankrupts were either actually or potentially in court at both of those times, but said nothing. Pending the reference and 11 days thereafter, viz., on June 24th, they filed a demurrer to the specifications of objection to the discharge. This was not in harmony with our practice, and besides was unnecessary. In a few other jurisdictions somewhat different courses have been pursued, but we think ours is the better one, and more in harmony with the intention of the act to require promptness and expedition in all bankruptcy cases. When the referee has acted upon the reference, and has made his report, the whole question comes before the court, which has no power to do otherwise than grant the discharge, unless the objections come within section 14 of Act July 1, 1898, c. 541, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), as amended by Act June 25, 1910, c. 412, 36 Stat. 838, and section 29 of the act of July 1, 1898, c. 541, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433). At last, in all cases we must get down to the facts, and we think the easy and the best way to do it is to let the referee promptly ascertain them. We may suppose that this course was in the mind of the Supreme Court when it omitted any rule which required or allowed a complete series of pleadings on mere objections to a discharge. We think it plain that the Supreme Court intended that proceedings thereon should be conducted in a less formal way and in a much more direct and simple manner. In this way in many cases the matter can be finally disposed of in less time than it would take to complete the pleadings.

Some of the grounds urged in the demurrer in this instance are not appropriate to that sort of pleading. If specifications of objections are not sworn to, or if, though set forth in the language of the act, they are not quite specific in details, objections to those matters, if taken in time and in another way, might be available to bring about verification and definiteness. Nothing of that sort was done when the objections were presented on June 7th, nor when the reference was made on the 13th, and the delay of 17 days shows that it was an afterthought. We by no means say that any valid grounds of objection, even if taken in the form of a demurrer, should be disregarded by the court. On the contrary, the court must grant the discharge unless the statutory grounds of objection thereto are sustained by the testimony, and in effect a demurrer to the specifications inheres in all of them. That is to say, the court, at the hearing, must disregard all objections which are not covered by the act, whether or not they

are called in question by the bankrupt. If frivolous objections are filed, the court will always know how to treat them, and the expense of such objections must necessarily be borne by those who make them. Objections, if manifestly not within sections 14 and 29, may be disregarded, and the order of reference when made may so direct. This could always be done when the bankrupt attends at the hearing and calls attention to the defect, or on his motion made then or later the referee might be directed to disregard objections which do not come within the act. To my mind there are no difficulties about the subject, and I do not agree with the view taken in some cases that the filing of objections starts a new case. I think the Supreme Court, when it made the General Orders, intended to direct a much simpler mode of procedure. If there is any force in the suggestions made in the attempted demurrer, the court will not overlook them when we come to finally dispose of the question of discharge.

Exceptions to the specifications of objections were also filed by the bankrupts on June 24th, though they had neglected to do this before or at the time the order of reference was made. We think such exceptions should be filed promptly and before the order of reference is entered. Otherwise they should be regarded as waived. This view may be emphasized in this instance by the fact that the exceptions are quite as vague as the specifications.

For the present the only order will be to postpone to the final hearing all the questions raised, and to direct the referee to proceed promptly in executing the order of reference.